In re BUYER'S CLUB MARKETS,
INC., Debtor.

FORMER EMPLOYEES OF BUYER'S
CLUB MARKETS, INC., and Kenneth
Bagus, Appellants,

v.

H. Christopher CLARK,
Trustee, Appellee.

No. 91–B–1691.

United States District Court,
D. Colorado.

Jan. 29, 1993.

Jeffrey S. Brinen, Rubner & Kutner, P.C., Denver, CO, for appellant and debtor Former Employees of Buyer's Club.

Huntington C. Brown, Denver, CO, for appellant Kenneth Bagus.

Paul Quinn, Denver, CO, for appellee H. Christopher Clark, trustee.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Appellant, Former Employees of Buyer's Club Markets, Inc., (Former Employees), appeals the bankruptcy court's denial of claims for severance pay as to all employees hired pre-petition. Former Employees raise three issues related to the denial of severance pay claims: (1) the bankruptcy court committed reversible error in creating a distinction between employees hired pre-petition and employees hired post-petition for purposes of ruling on the severance pay claims; (2) the bankruptcy court committed reversible error in denying claims for severance pay as to all employees hired pre-petition; and (3) the bankruptcy court committed reversible error in deciding, as a matter of law without evidentiary basis, that the post-petition severance pay policy was not in the ordinary course of business. The issues are adequately briefed and oral argument will not materially aid their resolution. I disagree with the Former Employees for the reasons set forth below and, therefore, I will affirm the decision of the bankruptcy court.

### I.

·On April 5, 1989, Buyer's Club Markets, Inc. (Buyer's Club) filed a Chapter 11 bankruptcy petition. After the initial filing date, management of Buyer's Club adopted a severance pay policy providing salaried employees sixty days severance pay in the event of conversion to Chapter 7. No motion was filed with the bankruptcy court requesting approval of this post-petition transaction. Six months after the initial filing, the case was converted to a Chapter 7 liquidation. Former Employees of Buyer's Club filed claims for severance pay alleging that their claims were administrative expenses entitled to priority. The trustee objected to these claims on the basis that the adoption of the severance pay policy was not a valid post-petition transaction under the Bankruptcy Code. Section 353 of the Code requires that a valid post-petition transaction be entered into in the ordinary course of business or have prior court approval and notice to creditors. A final hearing on the issue was held August 28, 1991. The bankruptcy court issued an order shortly after the inception of the hearing denying severance pay claims of all employee claimants hired pre-petition, and postponed ruling on those employees hired post-petition. The bankruptcy court held that the post-petition severance pay policy, as a matter of law, was not adopted in the ordinary course of business if it became effective only upon conversion to Chapter 7 and, thus, was invalid without notice to creditors and approval of the court prior to enactment.

### II.

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the bankruptcy court's ruling. Bankr.R. 8013. District courts review factual findings under the clearly erroneous standard while conclusions of law are reviewed de novo. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988). The district court must independently determine the correctness of the ultimate legal conclusion adopted by the bankruptcy court on the basis of the facts found. *Matter of Hammons*, 614 F.2d 399, 403 (5th Cir.1980). Because the bankruptcy court's disallowance of the severance pay claims is a conclusion as to the legal significance of evidentiary facts, it is subject to review de novo. *See id.* at 403.

## III.

■ Former Employees first contend that the bankruptcy court committed reversible error in creating a distinction between employees hired pre-petition and employees hired post-petition for purposes of ruling on the severance pay claims. At the hearing the bankruptcy court applied his ruling only to pre-petition employees, and postponed decision as to employees hired post petition. Former Employees argue that the distinction was completely artificial and without support in the case law. I disagree.

A legal distinction exists between the post-petition hires and the pre-petition employees. The new hires may have considered the monetary inducement promised in the form of severance pay as a condition precedent to their employment agreements. Therefore, it was not reversible error to distinguish between pre-petition and post-petition employees for the purpose of ruling on the severance pay claims.

■ Secondly, Former Employees argue that the bankruptcy court committed reversible error in denying claims for severance pay as to all employees hired pre-petition. I disagree.

The severance policy at issue in this case provides:

> If, while in the process of the Reorganization under Chapter 11 of the Bankruptcy Code, Buyer's Club is converted by the Court from a Chapter 11 to a Chapter 7, Buyer's Club will provide each salaried employee with sixty (60) days' severance pay.

Former Employees argue that their severance pay claims are entitled to administrative priority. Administrative expenses enjoy a priority over other creditors if the expenses are actual and necessary to preserve the assets of the estate. 11 U.S.C. § 503(b)(1)(A). The severance pay claims may only be considered as administrative expenses if the adoption of the severance pay policy was a proper transaction. Because the severance pay policy was adopted post-petition, it is governed by § 363 of the Bankruptcy Code. 11 U.S.C. § 363. Under § 363(c)(1), unless the policy was adopted in the ordinary course of business, it is invalid without notice to the creditors and prior court approval. Because the policy was adopted without notice to creditors and approval of the court, the relevant inquiry is whether it was adopted within the ordinary course of business.

■ The Bankruptcy Code offers no guidance as to what constitutes "ordinary course of business." However, two tests have emerged that are used in determining whether an action is within the ordinary course of business; (1) vertical dimension or creditor's expectation test and (2) horizontal dimension. *In re Dant & Russel, Inc.*, 853 F.2d 700, 704 (9th Cir.1988). In this case, the bankruptcy court applied the vertical dimension test.

The vertical dimension test focuses on the expectation of a hypothetical creditor and inquires whether the transaction subjects the creditor to economic risks of a nature different from those he accepted when he decided to extend credit. *Id.* at 704. The test involves a comparison of the debtor's pre-petition and post-petition activities in order to ascertain whether any significant change has occurred. *In re Glosser Bros. Inc.*, 124 B.R. 664, 667 (Bankr. W.D.Pa.1991). The vertical dimension test was first articulated in *In re James A. Phillips, Inc.* 29 B.R. 391, 394 (S.D.N.Y. 1983). The district court there noted:

> [t]he touchstone of "ordinariness" is ... the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business. So long as the transactions conducted are consistent with these expectations, creditors have no right to notice and hearing, because their objections to such transactions are likely to relate to the bankrupt's Chapter 11 status, not the particular transactions themselves.

*Id.* The *Phillips* court, in applying this test, determined that the accelerated timing of payments to certain creditors rendered those payments extraordinary. *Id.* at 394–95.

Here, it was the provision in the severance policy stating that the policy became effective only upon conversion to Chapter 7 that was the basis for the bankruptcy court's ruling. The bankruptcy court held, as a matter of law, that the severance policy could not be in the ordinary course of business if it became effective only upon conversion to Chapter 7 and, therefore, it was invalid without notice to creditors and approval of the court before enactment. The bankruptcy court noted that the policy would benefit the employees only if the petition was converted to Chapter 7, not if it continued as a Chapter 11, not if it were confirmed, and not if it was dismissed. The court found that the adoption of the policy was a hidden attempt to burden the Chapter 7 creditors, not the Chapter 11 creditors, and not Buyer's Club if the case were to be dismissed. The court reasoned that the Chapter 7 creditors had a right to know about this burden; the amount at issue was a quarter million dollars. Moreover, the court found that the new policy was a radical departure from the pre-petition severance pay policy. Because I agree with the bankruptcy court's analysis and conclusion, I will affirm the bankruptcy court's ruling.

■ Finally, Former Employees claim that the bankruptcy court committed reversible error in deciding, as a matter of law without evidentiary basis, that the post-petition severance policy adopted by Buyer's Club was not in the ordinary course of business. Again, I disagree.

The bankruptcy court made its ruling after hearing oral arguments of counsel and offers of proof. The evidence relied on by the bankruptcy court was the wording of the severance pay policy. The wording of the severance pay policy is an undisputed fact. Former Employees object that the bankruptcy court did not accept evidence as to the following: (1) the underlying purpose of the severance pay policy; (2) the reasonableness of the post-petition policy; (3) the existence of a pre-petition severance pay policy prior to bankruptcy; (4) the existence of severance pay policies in similar businesses; and (5) the advice of legal counsel which was obtained before the policy was adopted. None of these issues are relevant to the basis on which the bankruptcy court based its ruling.

Accordingly, IT IS ORDERED THAT the decision of the bankruptcy court in denying the severance pay claims of all pre-petition employees is AFFIRMED.