In re AMERICAN FREIGHT SYSTEM, INC., Debtor.

AMERICAN FREIGHT SYSTEM, INC., Debtor-in-possession, Defendant/Appellant,

v.

POINT SPORTING GOODS, Plaintiff/Appellee.

No. 93–4110–SAC. Bankruptcy No. 88–42050–11. Adv. No. 90–7265.

United States District Court, D. Kansas.

May 24, 1994.

Kurt A. Stohlgren, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, MO, for American Freight System, Inc.

Anne L. Baker, Wright, Henson, Somers, Sebelius, Clark & Baker, Topeka, KS, for Point Sporting Goods.

## MEMORANDUM AND ORDER

CROW, District Judge.

This bankruptcy appeal arises out of an adversary proceeding in which the debtor, American Freight System, Inc., seeks to recover $10,446.49 (plus interest and costs) in undercharges it claims are due for the delivery of sporting goods it delivered for Point Sporting Goods. The bankruptcy court granted Point Sporting Goods' motion for summary judgment and denied American Freight System's motion to reconsider. The bankruptcy court granted American Freight System's motion for Rule 54(b) certification, and American Freight System timely appealed.

On December 23, 1993, this court entered a memorandum and order affirming the bankruptcy court's order granting summary judgment and its order denying reconsideration of its order granting summary judgment. *See In re American Freight System, Inc.,* 162 B.R. 5 (D.Kan.1993). In pertinent part, the court held that "[b]ecause Item 170 does not, by its express terms, provide a mechanism by which American Freight System may retroactively assess a higher rate than it initially billed Point Sporting Goods, the bankruptcy court correctly concluded that Point Sporting Goods was entitled to summary judgment." *Id.* at 10.

This case comes before the court upon American Freight System's motion for reconsideration (Dk. 20). In that motion, American Freight System argues that "Item 170 is the only mechanism by which the correct tariff rate is determined on a shipment were the shipper has failed to provide actual density information about the shipment." American Freight System contends that only the correct tariff rate can be collected whether it is accessed initially or subsequent to a rate audit. American Freight System argues that this court's construction of Item 170 is inconsistent with the filed rated doctrine.

Point Sporting Goods responds, arguing that the court properly construed Item 170. Point Sporting Goods agrees with the court's determination that Item 170 is not a mechanism whereby American Freight System can retroactively assess freight charges. Point Sporting Goods contends that there is no evidence that it has not paid the actual legal rate, and therefore the filed rate doctrine has not been violated.

In its reply, American Freight System contends that it is not arguing that Item 170 is the basis for the collection of undercharges. Instead, American Freight System argues that 49 U.S.C. § 10761(a) is the basis for collection of the undercharges. American Freight System also revisits several of the arguments it previously advanced.

### Standards for Reconsideration

A motion to reconsider filed within ten days of the entry of final judgment is treated as a motion to alter or amend. *See Van Skiver v. United States,* 952 F.2d 1241 (10th Cir.1991), *cert. denied,* — U.S. —, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Motions to alter or amend are intended to correct manifest errors of law or fact or to present newly discovered evidence under limited circumstances. *Wieberg v. Resthaven Gardens of Memory,* No. 89–1509–C, 1991 WL 241815, at * 1, 1991 U.S.Dist. LEXIS 16013, at *2 (D.Kan. October 29, 1991); *see Dresser Industries, Inc. v. Pyrrhus,* 936 F.2d 921, 935–36 (7th Cir.1991); *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990),

*aff'd,* 948 F.2d 1529 (10th Cir.1992). "[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.,* No. 89–1412–C, 1989 WL 159369, at * 1, 1989 U.S.Dist. LEXIS 15684, at *2 (D.Kan. December 15, 1989); *see Voelkel v. General Motors Corp.,* 846 F.Supp. 1482 (D.Kan.1994) (motion to alter or amend should not be viewed as a second opportunity "for the losing party to make its strongest case or to dress up arguments that previously failed."). Nor should a motion to alter or amend be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court. *National Metal Finishing v. BarclaysAmerican,* 899 F.2d 119, 123 (1st Cir.1990).

### Analysis

In the case at bar, the court is satisfied that it has correctly interpreted not only the respective positions of the parties, but that it has also correctly interpreted Item 170. Despite American Freight System's arguments in its motion to reconsider, throughout this case, American Freight System has attempted to use Item 170 as a mechanism to collect alleged undercharges. In short, by its express terms, Item 170 is not a mechanism by which American Freight System can collect the alleged undercharges in this case. In any event, under the restrictive standards for considering motions to alter or amend, the court denies American Freight System's motion for reconsideration.

IT IS THEREFORE ORDERED that American Freight System' motion for reconsideration (Dk. 20) is denied.