### In re Barbara E. HODES, Debtor.

### In re Phillip Hodes, Debtor.

Bankruptcy Nos. 98–20039–7, 98–20040–7.

United States Bankruptcy Court, D. Kansas.

Aug. 18, 1999.

Cynthia F. Grimes, Grimes & Rebein, L.C., Lenexa, KS for Debtor.

Eric C. Rajala, Overlsand Park, KS, trustee.

Mark S. Carder, Stinson Mag & Fizzell, Kansas City, MO.

Micheal L. Kahn, Stinson, Mag & Fizzell, P.C. Overland Park, KS.

1. The Court granted the motion of amicus intervenors Edward J. Nazar, Dale Somers, Bill Metcalf, and Jill Michaux, to submit a memorandum of law.

2. The Court had set this motion for oral argument on June 25, 1999, but has elected to issue this order upon submission of the briefs.

3. The Debtors do not protest this Court's ruling that fees incurred prepetition and prior to

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court on the Debtors' Motion for Reconsideration of this Court's Order of April 19, 1999 which partially disallowed and disgorged attorney's fees paid to Debtors' Counsel Stanley Zeldin and Cynthia Grimes. The parties, as well as amicus intervenors,[1] have submitted additional briefs and the matter is now ready for decision.[2] The Court denies the Debtors' motion for oral argument and to supplement the record with testimony of expert witnesses. Because this order grants this motion in part and the Court alters and amends its judgment, the Court denies as moot, the Debtors' motion to certify the Court's judgment as final and the Debtors' motion for stay pending appeal.

In their motion, the Debtors ask the Court to reconsider its rulings: (1) that the Debtors' interest in an advance fee payment retainer they paid to counsel prepetition is property of the estate; and (2) that postpetition fees, or in this involuntary bankruptcy proceeding, fees incurred after the entry of the order for relief, are reviewable under the actual, necessary and benefit to estate test of § 330 rather than under the more liberal "reasonableness" standard of § 329.[3]

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59, and allows for alteration or amendment of judgments on the grounds for relief set forth in Rule 60(b) of the Federal Rules of Civil Procedure, as incorporated in Rule 9024 of the Federal Rules of Bankruptcy Procedure.[4] A motion to

the entry of the order for relief are reviewable under § 329.

4. See In re Colley, 814 F.2d 1008, 1010 (5th Cir.1987), cert. denied 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987).

reconsider that is filed within ten days of the entry of final judgment is treated as a motion to alter or amend.[5] As stated in *In re American Freight System, Inc.*,[6] "[m]otions to alter or amend are intended to correct manifest errors of law or fact or to present newly discovered evidence under limited circumstances." *Id.* at 246 (citations omitted).

■ The Debtors ask to supplement the records with the testimony of several expert witnesses, attorneys who represent Chapter 7 debtors and who would testify that this Court's ruling chills the representation of Chapter 7 debtors. This testimony would presumably support the Debtors' argument that attorneys need to seek payment out of prepetition retainers, because other sources of payment are limited. While counsel can be paid a flat fee for representation in a Chapter 7, or may be paid out of exempt property or out of a Chapter 7 debtor's postpetition earnings, these are often inadequate sources of payment for counsel who, for example, expends significant time representing the Chapter 7 debtor in defending dischargeability actions and objections to exemptions. But, the Debtors' proffer of expert testimony is not newly discovered evidence, and the Court will not entertain it now.

■ Furthermore, the Debtors improperly attempt to rehash their same arguments that advance fee payment retainers are not property of the estate. They articulate new theories, such as the Debtors have an equitable right in the retainers, as a beneficiary of monies the attorney holds in trust. As the court noted in *In re American Freight System, Inc.*,

"[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Para-*

*mount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89–1412–C, 1989 WL 159369, at *1, 1989 U.S.Dist.LEXIS 15684, at *2 (D.Kan. December 15, 1989); *see Voelkel v. General Motors Corp.*, 846 F.Supp. 1482 (D.Kan.1994) (motion to alter or amend should not be viewed as a second opportunity "for the losing party to make its strongest case or to dress up arguments that previously failed.") Nor should a motion to alter or amend be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court. [citations omitted].[7]

■ This Court's ruling that the retainers were property of the estate was premised on the fact that both legal and equitable interests of the Debtors become property of the estate pursuant to § 541(a)(1). Thus, the Debtors' attempt to recast the nature of their interest in the retainers is futile. Whether their interest in the retainers is legal or equitable, it is an interest that passed to the bankruptcy estate when the order for relief was entered.

Moreover, the Debtors' argument that they retained no ownership interest in the retainer that passed to the estate certainly seems inconsistent with their counsel's actions in obtaining a retaining lien against the money. If in fact the ownership of an advance fee payment retainer passes to the attorney at the time it is tendered, the attorney would have no need to take a retaining lien. In any event, as the Court addressed in its April 19, 1999 order, under the ethics rules in the State of Kansas, such an advance fee payment retainer is considered the client's money until earned; and although the Court cited no Kansas cases for that proposition, there is such case law in Kansas. In *In re Scimeca*,[8] an

---

5. *In re American Freight System, Inc.*, 168 B.R. 245, 246 (D.Kan.1994) (citations omitted).

6. 168 B.R. 245 (D.Kan.1994).

7. *Id.* at 246–247.

8. 265 Kan. 742, 759–760, 962 P.2d 1080, 1091–92 (1998).

attorney disciplinary proceeding, the Kansas Supreme Court noted that a nonrefundable unearned retainer is prohibited under the Model Rules of Professional Conduct adopted in Kansas, and that if a retainer is to be earned by future services performed by the attorney, then the retainer remains the client's money and subject to the trust account requirements of the model rules.

█ The nature and scope of property interests that pass into the bankruptcy estate, are created and defined by state law.[9] Under Kansas law, an advance fee payment retainer to be earned by future services, is property of the client and thus is property of that client's bankruptcy estate. But, the estate takes this property interest subject to any valid liens or security interests recognized under state law. Because this Court did not fully consider the effect of the retaining lien held by the Debtors' counsel, the Court will now reexamine the effect of an attorney retaining lien on an advance fee payment retainer taken prepetition.

In Kansas, there are two types of attorney's liens, both created by K.S.A. 7–108, which states:

> Attorney's lien; notice. An attorney has a lien for a general balance of compensation upon any papers of his or her client which have come into the attorney's possession in the course of his or her employment, upon money in the attorney's hands belonging to the client, and upon money due to the client and in the hands of the adverse party, in any matter, action or proceeding in which the attorney was employed, from the time of giving notice of the lien to the party; such notice must be in writing, and may be served in the same manner

as a summons, and upon any person, officer or agent upon whom a summons under the laws of this state may be served, and may also be served upon a regularly employed salaried attorney of the party.

K.S.A. 7–108.

In *Ahalt v. Gatewood, et al.,*[10] the Kansas Supreme Court held that the predecessor statute[11], which had language identical to K.S.A. 7–108, superseded common law and created both a charging lien and a retaining lien for attorneys. The court defined retaining lien as "an attorney's right to retain possession of all papers and money of his client coming into his hands professionally until a general balance due him for services is paid." The court further noted that, in contrast with a charging lien, "[a] retaining lien is complete and effective without notice to any one."[12]

█ In this case, the Debtors' counsel have a valid retaining lien against the retainers that Debtors paid to them prepetition. Although Debtors' counsel claim that they have filed notice, under Kansas law, the retaining lien was effective with or without notice. A written retainer stating the terms of the employment, such as an engagement letter, is sufficient to create the lien.[13]

Another issue is whether the retaining lien attaches to the entire retainer, or only attaches as amounts are earned. This Court revisits this issue because its reliance on a bankruptcy court opinion in Colorado must be reexamined in light of the decision having been reversed by the district court. Further, the Court is no longer convinced that the retaining lien in Kansas only attaches as earned.

---

9. As a general rule, the nature and extent of legal and equitable interests in property are determined by state law. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

10. 109 Kan. 328, 198 P. 970–71 (1921).

11. Gen.Stat.1915, § 484.

12. *Ahalt,* 198 P. at 971 (quoting 6 C.J. 772, § 370).

13. *Melton v. Prickett,* 203 Kan. 501, 505, 456 P.2d 34 (1969).

In its prior order, the Court discussed the *Printcrafters*[14] opinion, that held a retaining lien does not attach with respect to unearned future services, such that the retaining lien did not attach to postpetition services that had not been performed at the time the bankruptcy was filed. The *Printcrafters* opinion has been reversed.[15] The district court first noted that the Colorado retaining lien statute provided for a lien on any money in the attorney's hands "for any fees or balance of fees due or to become due from any client."[16] The court then concluded that to hold that an attorney's retaining lien extended only to fees already earned, would render the statutory language superfluous.[17] While the district court's opinion is not binding on this Court, its construction of the statutory language is persuasive. The Colorado statute seems to allow a retaining lien for fees due or to become due.

In *In re Century Cleaning Services. Inc.*,[18] an Oregon bankruptcy court concluded that the Oregon retaining lien statute, which was effective upon possession of the money and without any notice requirement, gave the attorney a lien on the entire retainer for earned and future, unearned services. Although the Oregon bankruptcy court noted that the Colorado statute's language of a lien for a "general balance of compensation" meant that a retaining lien in Colorado attached only upon completion of compensable work, the court misconstrued a Colorado state court case construing the retaining lien statute.[19] Furthermore, the district court opinion in

*Printcrafters* illustrates that the retaining lien in Colorado attaches to the entire retainer.

▄▄▄▄ In Kansas, like in Oregon, the retaining lien is effective upon possession of the money and without any notice requirement. Furthermore in Kansas, the retaining lien statute states that the lien is "for a general balance of compensation . . . upon money in the attorney's hands belonging to the client." And in the *Ahalt*[20] case, the Kansas Supreme Court described the lien as an attorney's right to retain possession of all the money until the general balance due him or her is paid. This sounds like a lien that attaches to the entire retainer, until the attorney has been paid in full for all services under the retention agreement, rather than a lien that attaches periodically as the fees are earned. This interpretation is also supported by the word "general" qualifying the word "balance" in K.S.A. 7–108. "General" is defined as "something that involves or is applicable to the whole"[21] or "comprehending the whole or directed to the whole, as distinguished from anything applying to or designed for a portion only."[22]

▄▄▄ What effect, if any, does the valid retaining lien on the entire balance of the retainer, have on counsels' compensation from the retainer for postpetition services? Counsel agree that the Court may review their postpetition fees, as well as their prepetition fees for bankruptcy services rendered in the year preceding the filing

14. 208 B.R. 968, 976 (Bankr.D.Colo.1997).

15. *In re Printcrafters, Inc.*, 233 B.R. 113 (D.Colo.1999).

16. *Id.* at 117.

17. *Id.* at 119.

18. 202 B.R. 149, 152–53 (Bankr.D.Or.1996), *aff'd* 215 B.R. 18 (9th Cir. BAP 1997).

19. The Oregon court cited *MacFarlane v. Harthun*, 195 Colo. 38, 42, 581 P.2d 716 (1978),

for the proposition that the retaining lien in Colorado does not attach until the compensable work is completed. But, *Harthun* really stands for the proposition that an attorney who is suspended from the practice of law before and because of fraud on his client, may not continue to hold the client's papers under a retaining lien for work the attorney has not done and will not do.

20. 109 Kan. 328, 198 P. 970–71 (1921).

21. Webster's New Collegiate Dictionary.

22. Black's Law Dictionary.

of the bankruptcy, under the reasonableness test of § 329[23] and pursuant to Rule 2017.[24] In this Court's April 19, 1999 order, it ruled that the postpetition fees to be paid from the retainer were subject to review not only under § 329, but under the more stringent test in § 330, which requires that the fees be actual, necessary and of benefit to the estate.[25]

As a practical matter, Chapter 7 debtors' attorneys rarely provide services beneficial to the estate. They represent the debtor in performing the debtor's duties under § 521. And, since it is counsel's duty to be the debtor's advocate, counsel must represent the debtor in a number of matters that are of personal benefit to the debtor, and of corresponding detriment to the creditors. For example, the Chapter 7 debtor's attorney will defend the dischargeability of certain debts owed to creditors. The Chapter 7 debtor's attorney will seek to defend the debtor's exemptions, which results in fewer assets or value in the estate for distribution to creditors. The Chapter 7 debtor's attorney will file motions for lien avoidance to rid exempt property of liens, to the detriment of the lien creditor. These are some of the expected services a Chapter 7 debtor's attorney will provide, which if successful, will result in a lesser distribution to a particular creditor or to all unsecured creditors.

Section 330 allows professionals to be compensated out of the bankruptcy estate, but only for services that actually benefitted the estate. The policy underlying this rule is that while the services of professionals are important, so is distribution to creditors. And, if professionals seek compensation from assets of the estate, as administrative claimants, they will not receive compensation except to the extent they provided benefit or value to the estate. This provides balance, and in fact protects the rights of unsecured creditors, who receive nothing until after administrative claimants, like professionals, are paid.

██ An attorney who seeks payment as an administrative claimant is competing with unsecured creditors for the same pool of money or assets. But, an attorney who seeks payment from an asset in which the attorney has a lien is not competing with the unsecured creditors. Section 330 was designed to protect and provide balance, so that unsecured creditors can get distribution out of unencumbered assets. But when an asset is encumbered, the lien holder has rights that are superior to the rights of unsecured creditors. The attorney who has a prepetition advance fee payment retainer with a retaining lien, has a right to seek payment out of the encumbered asset. And, because the attorney has an interest that is greater than an administrative claimant with no lien, the attorney should be compensated whether or not his or her services benefitted the estate. The § 330 test should not be employed to deny the attorney their fees for services that are personal to the debtor. To limit the retainer and thus the lien to only the debt that arises from services that benefit the estate is, in effect, a defacto avoidance of the lien. It ignores the attorney's lien and treats the attorney as if he

**23.** Section 329 states in relevant part:

(a) Any attorney representing a debtor in a case under this titled, or in connection with such a case, whether or not such attorney applies for compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . .

**24.** Fed. R. Bankr.P.2017.

**25.** For the reasons set out in that order, which the Court will not revisit now, it determined that Chapter 7 debtors' attorneys may be compensated out of property of the estate, despite the omission of "debtor's attorney" from the description of compensable professionals in § 330.

or she has no lien, and no greater rights than any other administrative claimant. Yet liens, unless avoided, are to be recognized, and pass through the bankruptcy estate unaffected. As the court in *Century Cleaning* stated, "Because the firm has a valid, unavoided lien on the retainer for the amount of its postpetition services and expenses, it is entitled to look to that collateral to satisfy its lien for reasonable fees and expenses." [26]

Having amended its Order to limit review of counsel's postpetition fees to a review under § 329, to the extent that counsel is seeking compensation from the retainer and not from unencumbered property of the estate from which administrative claimants would seek distribution, the Court reexamines its order disallowing and disgorging fees of counsel Grimes and Zeldin.

*Zeldin's Fees*

The Court previously allowed Zeldin $1,006.25 that was billed and paid for services provided on November 30, 1997, and $175 for services after the orders for relief, but not yet drawn against the retainer. The Court disallowed $280 as failing the "benefit test under § 330." The Court alters that ruling and allows this $280. The Court further ordered Zeldin to disgorge the credit balance of the retainer, $8,818.75, because his fee application had not evidenced any active role in the bankruptcy and the Court concluded that this property should be turned over to the estate. The Court alters this ruling to allow Zeldin to retain the credit balance of the retainer, but Orders Zeldin to Show Cause why the balance, $8,538.75 ($8,818.75—$280), should not be returned to the estate as the balance of funds that won't be expended by him in representation of the Debtors.

*Grimes' Fee*

In its previous order, the Court allowed all but $9070.36 in fees, and ordered Grimes to disgorge this $9,070.36 as not allowable under § 330 because the fees and expenses were for services that benefitted the Debtors rather than the bankruptcy estates. The Court alters and amends its ruling to allow this $9070.36 in fees and to allow Grimes to draw down these funds without disgorgement.

**IT IS THEREFORE ORDERED BY THE COURT** that Stanford A. Zeldin shall SHOW CAUSE why $8,538.75 should not be turned over to the estate.

**IT IS FURTHER ORDERED BY THE COURT** that $9,070.36 of the fees and expenses incurred and expended by Cynthia F. Grimes are allowed as reasonable and not excessive.

**IT IS FURTHER ORDERED BY THE COURT** that Cynthia F. Grimes shall not draw down or use any of the $20,773.54 credit balance of the retainer until further order of the Court upon proper application and approval of fees and expenses under 11 U.S.C. § 329.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

---

26.  202 B.R. at 153.