**In re FORBES PROPERTY MANAGEMENT, L.L.C., EIN 84–1446486, Debtor.**

**No. 99–24812–SBB.**

United States Bankruptcy Court, D. Colorado.

June 6, 2000.

David M. Miller, Harry L. Simon, Denver, CO, for Debtor.

## ORDER ON MOTION FOR CLARIFICATION

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on Forbes Property Management, L.L.C.'s ("Debtor") Motion for Clarification of April 13, 2000 Order ("Motion for Clarification"). The Court, having reviewed the file and being advised in the premises,

DOES FIND as follows:

### FACTUAL BACKGROUND

1. On March 27, 2000, Debtor filed its Application for Authority to Employ Rubner & Kutner, P.C. ("R & K") as Special Counsel ("Application"). In the Application, R & K disclosed that it had received a $5,000 retainer from Shirley D. Melemans ("Ms. Melemans"). R & K asserted that the retainer did not constitute property of the estate.

2. On April 13, 2000, the Honorable Patricia Ann Clark entered an Order approving the Application as provided by counsel, but deleted a sentence which provided: "Special Counsel's fees and costs shall be subject to Bankruptcy Court Review." In its place, the Court added the following language: "No fees and costs shall be paid without proper application therefore and court approval." In addition, the Court attached its "Guidelines for Compensation of Professionals Amended December 1, 1995."

3. On April 24, 2000, Debtor filed its Motion for Clarification. The Motion for Clarification was filed because R & K believes that the $5,000 retainer does not constitute funds which are property of the estate. Because the funds are purportedly not property of the estate, R & K intends to pay itself from its retainer on a monthly basis as those bills become due.

4. On May 21, 2000, the Court conducted a hearing to consider the Motion for Clarification. Prior to the hearing no objections had been raised regarding the Motion for Clarification. Furthermore, no objections were raised during the hearing.

## DISCUSSION

In reaching its decision, the Court has reviewed 11 U.S.C. § 327, 328, 329 and 330. Furthermore, this Court has reviewed and relies upon *In re Land,* 116 B.R. 798 (D.Colo.1990), *aff'd* 943 F.2d 1265 (10th Cir.1991); *In re Printcrafters,* 233 B.R. 113 (D.Colo.1999); and *In re Hodes,* 239 B.R. 239 (Bankr.D.Kan.1999) and other cases.

The law of the Tenth Circuit on counsel's obligations relative to payment of fees, and the Court's responsibility of and extent as to review and approval of those fees, is ambiguous, and arguably inconsistent. For instance, Chief Judge Matsch, in *In re Ingersoll,* 238 B.R. 202 (D.Colo. 1999), seems to indicate that the bankruptcy court should refrain from independently analyzing attorneys fees absent an objection. He suggested that the bankruptcy judges and the United States Trustee come together and agree to certain fee guidelines in order to "avoid the development of the adversary relationship between the bankruptcy judge and the applying attorney and maintain the role of a neutral arbiter." *Id.* at 209. On the other hand, Judge Kane, has suggested that the awarding of reasonable attorney fees is the "obligation of the judge and requires him to act even if *sua sponte.*" 248 B.R. 581, 583 (D.Colo.2000). Thus, at present, the Court's role in regard to the review of attorneys fees and procedures related to fees presented to the bankruptcy court remains unclear pending adoption and acceptance of procedural guidelines as suggested by Chief Judge Matsch. This case, however, requires timely treatment and cannot await the promulgation of guidelines that have been under consideration for some period of time, now.

■ The present situation with R & K is unique. The Debtor is a limited liability company. The general managing member of the limited liability company is Ms. Melemans. Ms. Melemans has advanced the retainer to R & K, which is employed pursuant to 11 U.S.C. § 327(e). The retainer was paid post-petition from her personal funds, not the funds of the Debtor.

This Court, in light of the circumstances of this case, will construe the case law as allowing this counsel to comply solely with 11 U.S.C. § 329 and counsel will not be subject to strict and complete compliance with the 11 U.S.C. § 330 compensation standards and attendant procedures. *See e.g., Hodes,* 239 B.R. at 245–46 (if counsel is seeking payment from a retainer and not from unencumbered property of the estate from which administrative claimants would seek distribution, the court's review of post-petition fees is limited to the reasonableness standard of 11 U.S.C. § 329, rather than the more stringent test in 11 U.S.C. § 330); *Cf., Land,* 943 F.2d at 1267 (the Tenth Circuit Court of Appeals notes that if an attorney intends to seek compensation from a source other than the Debtor or the bankruptcy Estate, he or she must still comply with 11 U.S.C. § 329).

■ The Court, however, sees a potential conflict of interest—but, at this point, not an actual conflict—arising from the fact that Ms. Melemans and the Debtor, in light of their relationship, may have interests, rights or claims that may conflict or be adverse. Quite simply, Ms. Melemans' interests are not necessarily identical to or co-incident with the Debtor. Nevertheless, Judge Clark has allowed the employment of R & K as special counsel and this Court is not, at this late date, inclined to vacate or modify Judge Clark's authorization to employ R & K. The Estate and counsel have, after all, relied on Judge Clark's initial order employing counsel under Section 327(e). Notwithstanding, the Court reminds counsel that he represents and serves the interests of the Debtor and

not those of its managing member, Ms. Melemans.

IT IS THEREFORE ORDERED that the April 13, 2000 Order shall be modified *nunc pro tunc* to April 13, 2000, to reflect that R & K is not being paid and shall not be paid from any funds which constitute property of the bankruptcy estate without proper application therefore and court approval. Furthermore, counsel's applications for fees from sources other than property of the estate shall be presented and reviewed by this Court in accordance with 11 U.S.C. § 329. Fed.R.Bankr.P. 2002 and L.B.R. 202.

IT IS FURTHER ORDERED that the incorporation of the "Guidelines for Compensation of Professionals Amended December 1, 1995" shall be stricken from the April 13, 2000 Order.