In re Charles James INGERSOLL,
Debtor.

George T. Carlson & Associates,
Appellant,

v.

United States Bankruptcy
Court, Appellee.

In re Tina NMN Falsetta, Debtor.

George T. Carlson & Associates,
Appellant,

v.

United States Bankruptcy
Court, Appellee.

In re John P. Feeley, DMD, Debtor.

George T. Carlson & Associates,
Appellant,

v.

United States Bankruptcy
Court, Appellee.

In re Gary William Worth and Norma
Lynn Worth, Debtors.

George T. Carlson & Associates,
Appellant,

v.

United States Bankruptcy
Court, Appellee.

Nos. CIV.A. 97–M–1414, CIV.A. 98–
M–141, CIV.A. 98–M–1167,
CIV.A. 98–M–1913.
Bankruptcy Nos. 96–23656–RJB,
97–12217–RJB, 96–23961–
PAC, 97–18190–RJB.

United States District Court,
D. Colorado.

Aug. 20, 1999.

James W. Lamberson, Denver, CO, for debtor.

George T. Carlson, Ellen R. Welner, Thomas M. Mathiowetz, George T. Carlson & Associates, Englewood.

Sally J. Zeman, Denver, CO, Chapter 13 Trustee.

## MEMORANDUM OPINION
## AND ORDER

MATSCH, Chief Judge.

The common issue in these consolidated bankruptcy appeals is the fairness of the procedure followed by the bankruptcy judges in this district in determining the reasonableness of fees charged by attorneys representing debtors filing for relief under Chapter 13 of the Bankruptcy Code. George T. Carlson is the attorney appearing in these four cases. Other attorneys who are Chapter 13 practitioners in Colorado have submitted a brief as *amicus curiae.* The standing trustee appointed by the United States trustee under section 586(b) of the Code has not participated in these proceedings before the Bankruptcy Court or in these appeals.

The attorney representing an individual debtor filing under Chapter 13 is entitled to the allowance by the court of reasonable compensation under section 330(a)(4)(B) which provides as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensa-

tion to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Such compensation is classified as an administrative expense entitled to priority under section 507(a)(1) and every Chapter 13 plan must provide for deferred cash payments in full satisfaction of those expenses under section 1322(a)(2). Thus, the debtor's attorney's fees are paid before most of the creditors to be paid under the plan.

The *amicus* brief summarizes the practices followed by the bankruptcy judges in this district under Code sections 329(b) and 330(a)(4)(B). These sections interrelate: section 329 authorizes the court to require the return to the debtor or estate any prepetition payments to counsel in excess of the reasonableness of the amount and section 330 requires the court to determine a reasonable amount to be paid under the plan. The record on appeal in each of these consolidated cases supports this general description.

Each of the bankruptcy judges has set a presumptively reasonable fee for all Chapter 13 cases which that judge will accept if no objections are filed by creditors. These amounts have varied from $1,000 to $1,200. Debtors' counsel limiting their fees to these amounts are excused from filing a formal fee application describing the services they have performed. Lawyers asking for any greater amount must file a "long form" fee application detailing time spent and services performed. After review, the bankruptcy judge may issue a form order questioning the reasonableness of the compensation requested. In these Carlson cases on appeal, the orders entered on his applications are attached as an appendix to this memorandum opinion.

The form orders are aptly described as "check the box" orders using standardized

general language to challenge the application. The *amici* brief says that all of the judges in this district use this form of order with some variations in the boilerplate language of objections and in the requirements for filing additional support for the application. Whether the judge or some staff person does the examination of the application and filling out the form order is not known.

The orders from which the Carlson appeals have been taken recite the conclusion that a hearing on the fee application is necessary and direct the following procedure:

> Pertinent authorities indicate that the requirement for a hearing does not necessarily mean an evidentiary hearing in open court. It may be satisfied by providing the Applicant with an adequate opportunity to submit affidavits and argument in support of the fees requested. *Bee v. Greaves,* 910 F.2d 686 (10th Cir. 1990). Such a procedural approach has been found sufficient to meet the "hearing" requirements of Fed.R.Civ.P. 56. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Geear v. Boulder Community Hospital,* 844 F.2d 764 (10th Cir.1988) ("We have previously held that a court must hold a hearing on a summary judgment motion.... A formal evidentiary hearing with oral argument, however, is not necessarily required.... Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court."). It is therefore,

> ORDERED that within twenty (20) days from the date of entry of this Order, the Applicant shall file with the Court such affidavits and other evidence meeting the requirements of Fed. R.Civ.P. 56(e) as the Applicant desires to submit in support of the pending fee application, together with a memorandum stating the Applicant's arguments in support of the requested fee. The matter will then stand submitted.

The orders then state the amount of fees and costs to be allowed if the additional pleadings and evidence are not timely filed.

Thus, the fee applicant has the alternative of accepting such a reduction or engaging the bankruptcy judge as an adversary.

The citation to *Bee v. Greaves,* 910 F.2d 686 (10th Cir.1990) is slender support for the conclusion that no hearing is required. Presumably the pertinent reference is to footnote 4 at page 689 making a somewhat collateral reference to an assertion that an *evidentiary* hearing is required and noting that in *Lucero v. City of Trinidad,* 815 F.2d 1384, 1385 (10th Cir.1987) a district judge may rely on personal knowledge of prevailing market rates as well as other indicia of a reasonable market rate in determining an allowable fee to the prevailing party under the fee transfer provision in 42 U.S.C. § 1988.

The analogy to Rule 56 procedure is not apt. A motion for summary judgment is, in effect, a request for a "trial on the papers." Such a motion is dispositive only if the court is convinced that there are no genuine issues of material fact that would warrant use of the fact finding trial procedures and the judgment is warranted as a matter of law. A Rule 56 motion is much like a motion for judgment as a matter of law under Rule 50(a) after the party with the burden of proof has had a full opportunity to present evidence in support of the claim or defense in an adversary hearing.

The material issues to be resolved in determining disputed fee applications are necessarily factual questions and in these cases the decision maker has put them into dispute by the entry of the form order. The boilerplate objections are not sufficiently specific to give the applicant notice of what showing may be thought to be adequate. The factual issues are not identified. There is no opportunity to dis-

cuss and resolve the issues informally with the applicant's adversary because the court has arrogated that role to itself. The records of these cases show the fundamental unfairness of this practice.

Mr. Carlson and the attorneys joining in the *amicus* brief have made both substantive and procedural challenges to the procedure followed in these four cases. They contend that stating objections in boilerplate language does not give counsel adequate notice of what is at issue. Motions to reconsider are often necessary before a meaningful response can be prepared. There is some plausibility to the suspicion that the procedure may be designed to be so burdensome and time consuming that counsel will simply accept the reductions made by the bankruptcy judge rather than take the trouble to defend the fee applications. Such a perception, even if unwarranted, impugns the integrity of the court.

The appellant and *amici* say that the form order does not comply with the hearing requirement of section 330(a) and Bankruptcy Rule 2017 because the definition of "notice and hearing" in section 102(1) of the Bankruptcy Code admits of only two exceptions to an open court hearing: when no hearing is requested and when there is not sufficient time before an act must occur and the court authorizes that act. The importance of a fair chance to justify the allowance requested in a bankruptcy fee application was forcefully articulated by the Third Circuit Court of Appeals in the opinion deciding *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3rd Cir.1994).

The records submitted with these four appeals demonstrate these deficiencies in the process.

### 97–M–1414: In re Ingersoll

The fee application asked for an allowance of $1,457.50 and costs of $155.16. The Bankruptcy Court awarded $1,201.50 in fees and all of the costs. The bankruptcy judge checked off the following items: (1) "Insufficient support for attorney and/or paralegal hourly rates charged or insufficient evidence of rates for comparable services outside of bankruptcy;" (2) "Attorney has failed to properly delegate tasks or has billed at his/her full hourly rate for tasks which should have been delegated to a professional who bills at a lower hourly rate;" (3) "Clerical and/or secretarial time has been billed at attorney or paralegal rates;" (4) "Attorney has failed to exercise billing judgment, for example, by billing for time to correct the attorney's mistakes, unproductive time or duplicative services."

Some particulars were noted. An attorney's review of the filed proofs of claim lasting 0.2 hours and a charge of $25.00 was considered excessive with the observation that this task should have been delegated to a less expensive member of Mr. Carlson's staff. He responded that this information was necessary for preparing an amended plan and the work was done when he was at the courthouse attending the initial creditor's meeting. The bankruptcy judge noted two time entries for paralegals performing clerical tasks. The first charge of $15.00 for 0.3 hours was for filing the petition in the clerk's office. In his response, Mr. Carlson observed that the $15.00 is less than the cost of a messenger service. The second questioned entry was for preparation and mailing of the notice of filing and of the plan and for the mailing of schedules and instructions to the client for 0.3 hours ($15.00). The response observed that the Local Rules require the filing attorney to make the mailing and the use of a paralegal to create a correct list of creditors and instruct the debtor on his responsibilities requires some working knowledge of Chapter 13.

The bankruptcy judge specified two entries as showing a failure by counsel to exercise billing judgment. There was a charge of $25.00 for 0.5 hours preparing the fee application and a charge of $30.00 for 0.2 hours in reading it. The first task was performed by a paralegal who added

up the time records and calculated the costs and the review of the paralegal's work was done by an attorney in appellant's office. Finally, the bankruptcy judge noted "[i]nsufficient support for attorney and/or paralegal hourly rates charged or insufficient evidence of rates for comparable services outside bankruptcy." This entry does not indicate what the bankruptcy judge felt was a more equitable hourly rate but may explain why the entries to which the judge specifically objected total $110.00 while the requested fees were reduced by $256.00.

### 98–M–141: In re Falsetta

Appellant applied for fees of $1,442.50 and costs of $144.90. The bankruptcy judge awarded fees of $1,200.00 and the costs requested. The form order checked three areas of deficiency: (1) "Insufficient support for attorney and/or paralegal hourly rates charged or insufficient evidence of rates for comparable services outside of bankruptcy;" (2) "Clerical and/or secretarial time has been billed at attorney or paralegal rates;" (3) "Attorney has failed to exercise billing judgment, for example, by billing for time to correct the attorney's mistakes, unproductive time or duplicative services." There was no identification of the items questioned. After the appellant filed his response, the bankruptcy judge issued a memorandum opinion and order.

First, the bankruptcy judge reduced hourly fees charged by two attorneys and a paralegal at appellant's firm. Mr. Carlson's hourly rate was changed from $150.00 to $125.00 ($45.00). Mr. Mathiowetz's hourly rate was changed from $125.00 to $100.00 because the lesser rate was charged in another Chapter 13 case filed one month later. Ms. Waring's paralegal hourly rate was reduced from $50.00 to $40.00 ($15.00) for the same reason. Three entries as clerical work were disallowed. They were described as: "Faxed stipulation to Ginger" for 0.2 hours of paralegal time ($10.00); 0.2 hours for "Copied and mailed stipulation with cover letter to client" ($10.00); and 0.3 hours for "File case in Clerk's office" ($15.00). The bankruptcy judge reduced the time for reading and signing the fee application from 0.4 hours to 0.2 hours ($30.00) and reduced an entry for 1.5 hours to prepare the fee application to 0.75 hours ($30.00 at the reduced rate.). Two entries were stricken as "lumping." The first was 0.4 hours for preparation and mailing of the judicial lien ($20.00). The second was for preparation and mailing the notice of filing and plan and mailing the schedules and instructions to the client. This entry accounted for 0.3 hours ($15.00). With these reductions, fees still totaled $1,270.00. The bankruptcy judge further reduced this amount to $1,200.00.

### 98–M–1167: In re Feeley

The fee application asked for fees of $2,271.00 and costs of $190.74. Of the total $2,461.74 requested, $1,831.59 was awarded. The form order checked the following items: (1) "No support for attorney and/or paralegal hourly rates charged/no evidence of rates for comparative services outside of bankruptcy. Rates in excess of $125.00 per hour are not normally permitted in routine Chapter 13 case [sic]." (2) "The attorney has failed to properly delegate tasks or has billed at his/her full hourly rate for tasks which should have been delegated to a professional who bills at a lower hourly rate;" (3) "Time entries are lumped making it difficult to discern how much time is spent on a particular task;" (4) "This Court allows $0.20 per page for copies and $0.50 per page for facsimiles."

George T. Carlson's $175.00 hourly rate was reduced to $150.00 for the 1.8 hours that he worked ($45.00). Ellen Welner's $150.00 hourly rate was reduced to $130.00 ($236.00) and her hours were reduced from 11.8 to 10.8 due to lumped entries. These were (1) "Draft amendments of Schedules, budget, calculate Plan" for 0.4 hours ($52.00 at a rate of $130.00), and (2) "Pre-

pare Motion for Enlargement of Time, 202 Notice, and Proposed Order" for 0.6 hours ($78.00). Finally, the Court reduced the rate for 2.3 hours worth of Ms. Welner's tasks from $150.00 to $50.00 because she had failed to exercise billing judgment ($184.00 lost at a billing rate of $130.00). The Court ruled that these tasks should have been performed by a paralegal. These tasks included:

| Task: | | Hours: |
|---|---|---|
| (1) | Telephone Conference with Ken @ bankruptcy court re status of motion to dismiss adversary case | 0.1 |
| (2) | Draft Amended Schedules I, J, and Plan to provide for 100% repayment (involved determination that all tax debts provided in Plan, as well as child support provision [sic] | 0.4 |
| (3) | Revise Plan & Budget | 0.3 |
| (4) | Revise Plan based on new information from I.R.S. | 0.2 |
| (5) | Review letter from debtor's ex-wife–J. Bennett & begin revision of Plan based on information given | 0.5 |
| (6) | Prepare "Consent to Treatment" for J. Bennett signature | 0.3 |
| (7) | Revise 3rd Amended Plan | 0.1 |
| (8) | Draft Confirmation Order | 0.1 |
| (9) | Draft Amendment of Schedule F & Amended 202 Notice, Motion to Confirm, & Plan | 0.3 |

### 98–M–1913: In re Worth

In this case, Appellant requested $2,200.00 in fees and $199.93 in costs. The bankruptcy judge awarded $1,459.00 of the fees and all of the costs requested. The deficiencies noted were: (1) "Insufficient support for attorney and/or paralegal hourly rates charged or insufficient evidence of rates for comparable services outside of bankruptcy;" (2) "Attorney has failed to properly delegate tasks or has billed at his/her full hourly rate for tasks which should have been delegated to a professional who bills at a lower hourly rate;" (3) "Clerical and/or secretarial time has been billed at attorney or paralegal rates;" (4) "Time entries are lumped making it difficult to discern how much time is spent on a particular task;" (5) "Attorney has failed to exercise billing judgment, for example, by billing for time to correct the attorney's mistakes, unproductive time or duplicative services."

Mr. Carlson's hourly rate was reduced from $175.00 to $125.00. Ms. Welner's hourly rate was changed from $150.00 to $125.00. Several charges were disallowed because they were considered to be clerical tasks. These included: "Prepared Automatic Stays (2)" for 0.2 hours ($10); "Prepare Notice of Filing and Plan" for 0.1 hours ($5.00); "Prepare request for wage reduction" for 0.2 hours ($25.00 at a rate of $125.00); and "Review and sign certificate of non-contested matter" for 0.1 hours ($12.50 at a rate of $125.00). The bankruptcy judge disallowed several entries because they were lumped together. The time spent in and attending the section 341 meeting for 0.4 hours ($12.50), traveling and attending a show cause hearing for 0.8 hours ($100.00), reading the Bankruptcy Court's order on hearing for reconsideration and discussing it with the client for 0.2 hours ($25.00), and traveling and attending the hearing on the motion for reconsideration for 1.5 hours ($187.50). The time entry for an attorney to review the proofs of claim for 0.2 hours ($25.00) was disallowed because it should have been billed at the paralegal rate. The bankruptcy judge reduced by half the 0.6 hours of a paralegal in preparing the fee application ($15.00) and the 0.2 hours Ms. Welner spent reviewing and signing the fee application ($25.00).

### General

The factual premises underlying the objections raised *sua sponte* by the judicial officers of the Bankruptcy Court appear to be based upon problematic presumptions about the practice of law in this area. It seems to be assumed that there is a single model of organizational efficiency in a bankruptcy lawyer's office; that the tasks involved are mundane and routine; that lawyers who file Chapter 13 petitions have a sufficient volume of debtor-clients to support employment of paralegals and clerical assistants trained to perform these tasks in minimum times; that the debtor's attorney has a high level of experience in all aspects of bankruptcy practice with such expertise that no legal research is re-

quired; that the practitioner's offices are proximate to the courthouse; that the circumstances of debtors' lives have such commonalities that they are more like customers than clients; that the debtors are very knowledgeable about their affairs and are good record keepers; that the relevant role of the attorney is that of a general supervisor of an assembly-line process and, that people filing bankruptcy petitions do not need the customized, personalized professional counseling that is at the core of any attorney-client relationship.

In the *amicus* brief, the practitioners have pointed out the fallacies of these assumptions and the individual filings made by Mr. Carlson support what they say. Undoubtedly, the single, most important service performed by a bankruptcy lawyer is to counsel the client as to whether he or she needs such relief as may be provided by the Bankruptcy Code, including what extrajudicial alternatives are available, the choice between Chapter 7 and Chapter 13, what procedures will be involved, what may be expected in the future and the possible impacts on family, friends and employment. These considerations are individualistic in nature and must not be shunted aside for the sake of efficiency and false economy. These matters are also sensitive and the lawyers must protect their clients' privacy by strict adherence to the attorney-client privilege. The Bankruptcy Court is not the bargain basement of the Federal court system.

A philosophy of paternalism is evident in the procedures under consideration. The apparent premise is that financially distressed debtors need court protection from predatory lawyers motivated by greed. That view seeps through the language in some of the opinions written in this district.

Consider the following statements of Chief Judge Charles Matheson in his opinion on a fee application published as *In re Casull*, 139 B.R. 525, 528 (Bankr.D.Colo. 1992):

The Court understands the desire of counsel to generate more income. The Court also realizes that one way to do so is by increasing the hourly rate charged. The problem is that the rate sought to be charged by the attorney is beyond the rate consumer debtors can reasonably be required to pay. The rates charged may very well be appropriate in representing commercial interests in reorganization cases and, indeed, rates of $150.00 per hour and above are regularly allowed by the Court. As the Third Circuit most properly and succinctly observed, "Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." *Ursic v. Bethlehem Mines,* 719 F.2d 670, 677 (3d Cir.1983). [* *9] This is not intended to demean the services provided by counsel in Chapter 13 cases but, rather, recognizes that the issues which arise in Chapter 13 cases generally do not require sophisticated or particularly involved legal analysis and advice, which might warrant a higher hourly rate.

That is followed by this comment later in the opinion:

The Court is well aware that the applicant in this case is diligent in his representation of his clients and that he is a responsible professional. His cases are filed and processed in a manner which causes a minimal amount of mechanical problems in moving through the Chapter 13 process. The Court also is appreciative of the view of the Standing Chapter 13 Trustee that counsel has provided services of value to the Debtors and has been diligent [* *14] in representing his clients in this case and that a fee of $1,300.00 would, in her view, not be unreasonable.

*Id.* at 530.

Despite that statement, the fee awarded was $1,200 as originally ordered.

■ Having determined that the orders involved are fundamentally flawed and are inconsistent with procedural due process

as well as the Bankruptcy Code, the orders must be reversed and these applications remanded for further proceedings. The specific proceedings required should not be determined by the court as a result of these appeals. As previously noted, these appeals are not before the court with any advocate representing the bankruptcy judges. The Seventh Circuit Court of Appeals confronted the same unusual circumstances in *Matter of Kindhart,* 160 F.3d 1176 (7th Cir.1998). After finding unfairness in the procedures followed by the bankruptcy judges in determining Chapter 13 attorneys' fees in the Central District of Illinois, the court reversed the orders before it and remanded the matter to the district court with direction that the bankruptcy and district judges of that district reexamine the bankruptcy fee process, make such adjustments in the fees at issue as deemed reasonable and fair and directing the filing of a report with the Court of Appeals advising of any new fee process. The mandate was obeyed and the court issued a follow-up opinion in *Matter of Kindhart,* 167 F.3d 1158 (7th Cir.1999) approving adjustments in the procedure.

The bankruptcy judges should have the opportunity, working with the practicing attorneys through whatever means the bankruptcy judges find appropriate, to review these procedures and adopt a uniform practice for this district. The court will not retain jurisdiction to review and approve or disapprove any such new procedures, thereby keeping open the opportunity for any appeals from the application of any procedural adjustments in future filings.

In this regard, the court strongly suggests that the bankruptcy judges consult with the United States Trustee appointed for the region that includes this district, pursuant to 28 U.S.C. § 581(a)(19). The duties of the United States Trustee under § 586(a)(3)(A)(i) include reviewing applications for compensation and reimbursement under § 330 of Title 11 in accordance with procedural guidelines adopted by the executive office of the United States Trustee and under subsection (ii) filing with the court comments and objections to such applications. There is a standing trustee for Chapter 13 plans in this district, appointed pursuant to § 586(b) to perform the duties described in 11 U.S.C. § 1302. It appears to be appropriate that the reviewing of fee applications by debtor's counsel in Chapter 13 proceedings and the making of objections are within the province of the standing trustee and the development of a procedure involving that official would avoid the development of the adversary relationship between the bankruptcy judge and the applying attorney and maintain the role of a neutral arbiter.

Upon the foregoing, it is

ORDERED that the orders setting reduced fees that are the subject of this consolidated appeal are reversed and these cases are remanded for further proceedings consistent with this opinion.

## APPENDIX A

United States Bankruptcy Court
for the District of Colorado
Judge Roland J. Brumbaugh

In re Charles James Ingersoll, Debtor.

Case No 96–23656 RJB

Chapter 13

May 23, 1997.

## ORDER FOR HEARING ON FEE APPLICATION

George T. Carlson (the Applicant) has filed an application with the Court seeking an allowance of fees pursuant to 11 U.S.C. § 330. The information available in the application is not sufficient to enable the Court to determine the reasonableness of the fees requested. The Court has reviewed the application and the file in this case and notes the following deficiencies:

[ ] Time billed appears to be excessive for the ordinary Chapter 13 case.

[X] Insufficient support for attorney and/or paralegal hourly rates charged or insufficient evidence of rates for comparable services outside of bankruptcy.

[X] Attorney has failed to properly delegate tasks or has billed at his/her full hourly rate for tasks which should have been delegated to a professional who bills at a lower hourly rate.

[X] Clerical and/or secretarial time has been billed at attorney or paralegal rates.

[ ] Time entries are lumped making it difficult to discern how much time is spent on a particular task.

[X] Attorney has failed to exercise billing judgment, for example, by billing for time to correct the attorney's mistakes, unproductive time or duplicative services.

[ ] Time entry descriptions are inadequate.

Accordingly, it is necessary that there be a hearing on the fee application.

Pertinent authorities indicate that the requirement for a hearing does not necessarily mean an evidentiary hearing in open court. It may be satisfied by providing the Applicant with an adequate opportunity to submit affidavits and argument in support of the fees requested. *Bee v. Greaves,* 910 F.2d 686 (10th Cir.1990). Such a procedural approach has been found sufficient to meet the "hearing" requirements of Fed.R.Civ.P. 56. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Geear v. Boulder Community Hospital,* 844 F.2d 764 (10th Cir.1988) ("We have previously held that a court must hold a hearing on a summary judgment motion.... A formal evidentiary hearing with oral argument, however, is not necessarily required.... Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court."). It is, therefore,

ORDERED that within twenty (20) days from the date of entry of this Order, the Applicant shall file with the Court such affidavits and other evidence meeting the requirements of Fed.R.Civ.P. 56(e) as the Applicant desires to submit in support of the pending fee application, together with a memorandum stating the Applicant's arguments in support of the requested fee. The matter will then stand submitted.

FURTHER ORDERED that if the additional pleadings and evidence are not timely filed, this Order shall be the Order on Fee Application and the Applicant shall be awarded $1,201.50 of the fees and $155.16 of the costs requested, $756.66 of which shall be paid through the plan. The amount awarded is the amount that appears reasonable based on the information presently available to the Court. This award does not preclude the Applicant from seeking additional fees for future work provided relating to the successful reorganization of the debtor(s).

Dated this 23rd day of May, 1997.

BY THE COURT

/s/ Roland J. Brumbaugh
Roland J. Brumbaugh
United States Bankruptcy Judge

United States Bankruptcy Court
for the District of Colorado
Judge Roland J. Brumbaugh

In re Tina Falsetta, Debtor.

Case No. 97–12217 RJB

Chapter 13

Sept. 10, 1997.

## ORDER FOR HEARING ON FEE APPLICATION

George T. Carlson (the Applicant) has filed an application with the Court seeking an allowance of fees pursuant to 11 U.S.C. § 330. The information available in the application is not sufficient to enable the Court to determine the reasonableness of

the fees requested. The Court has reviewed the application and the file in this case and notes the following deficiencies:

[ ] Time billed appears to be excessive for the ordinary Chapter 13 case.

[X] Insufficient support for attorney and/or paralegal hourly rates charged or insufficient evidence of rates for comparable services outside of bankruptcy.

[ ] Attorney has failed to properly delegate tasks or has billed at his/her full hourly rate for tasks which should have been delegated to a professional who bills at a lower hourly rate.

[X] Clerical and/or secretarial time has been billed at attorney or paralegal rates.

[ ] Time entries are lumped making it difficult to discern how much time is spent on a particular task.

[X] Attorney has failed to exercise billing judgment, for example, by billing for time to correct the attorney's mistakes, unproductive time or duplicative services.

[ ] Time entry descriptions are inadequate.

Accordingly, it is necessary that there be a hearing on the fee application.

Pertinent authorities indicate that the requirement for a hearing does not necessarily mean an evidentiary hearing in open court. It may be satisfied by providing the Applicant with an adequate opportunity to submit affidavits and argument in support of the fees requested. *Bee v. Greaves*, 910 F.2d 686 (10th Cir.1990). Such a procedural approach has been found sufficient to meet the "hearing" requirements of Fed.R.Civ.P. 56. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Geear v. Boulder Community Hospital*, 844 F.2d 764 (10th Cir.1988) ("We have previously held that a court must hold a hearing on a summary judgment motion.... A formal evidentiary hearing

with oral argument, however, is not necessarily required.... Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court."). It is, therefore,

ORDERED that within twenty (20) days from the date of entry of this Order, the Applicant shall file with the Court such affidavits and other evidence meeting the requirements of Fed.R.Civ.P. 56(e) as the Applicant desires to submit in support of the pending fee application, together with a memorandum stating the Applicant's arguments in support of the requested fee. The matter will then stand submitted.

FURTHER ORDERED that if the additional pleadings and evidence are not timely filed, this Order shall be the Order on Fee Application and the Applicant shall be awarded $1,122.50 of the fees and $144.90 of the costs requested, $967.40 of which shall be paid through the plan. The amount awarded is the amount that appears reasonable based on the information presently available to the Court. This award does not preclude the Applicant from seeking additional fees for future work provided relating to the successful reorganization of the debtor(s).

Dated this 10th day of September, 1997.

BY THE COURT

/s/ Roland J. Brumbaugh
Roland J. Brumbaugh
United States Bankruptcy Judge

United States Bankruptcy Court
District of Colorado
Honorable Patricia Ann Clark

In re John P. Feeley, SSN 561–64–3001, Debtor.

Case No. 96–23961 PAC

Chapter 13

Apr. 17, 1998

## ORDER FOR HEARING ON
## FEE APPLICATION

George T. Carlson (the Applicant) has filed an application with the Court seeking an allowance of fees pursuant to 11 U.S.C. § 330. The information available in the application is not sufficient to enable the Court to determine the reasonableness of the fees requested. The Court has reviewed the application and the file in this case and notes the following deficiencies:

[ ] Time billed appears to be excessive for the ordinary Chapter 13 case.

[X] No support for attorney and/or paralegal hourly rates charged/no evidence of rates for comparable services outside of bankruptcy. Rates in excess of $125.00 per hour are not normally permitted in routine Chapter 13 case. *See, In re Moore,* 93–15939–CEM (April 18, 1994); *In re Casull,* 139 B.R. 525 (Bankr.D.Colo.1992). Based on the specific facts and circumstances of this case, George T. Carlson was allowed a rate of $150.00 per hour and Ellen R. Welner was allowed a rate of $130.00.

[X] The attorney has failed to properly delegate tasks or has billed at his/her full hourly rate for tasks which should have been delegated to a professional who bills at a lower hourly rate.

[ ] Clerical and/or secretarial time has been billed at attorney or paralegal rates.

[X] Time entries are lumped making it difficult to discern how much time is spent on a particular task.

[ ] Time entries provide insufficient detail either generally or to support the amount of time billed.

[ ] The attorney has failed to exercise billing judgment, for example, by billing for time to correct the attorney's mistakes, unproductive time or duplicative services.

[X] This Court allows $0.20 per page for copies and $0.50 per page for facsimiles.

Accordingly, it is necessary that there be a hearing on the fee application.

Pertinent authorities indicate that the requirement for a hearing does not necessarily mean an evidentiary hearing in open court. It may be satisfied by providing the Applicant with an adequate opportunity to submit affidavits and argument in support of the fees requested. *Bee v. Greaves,* 910 F.2d 686 (10th Cir.1990). Such a procedural approach has been found sufficient to meet the "hearing" requirements of Fed.R.Civ.P. 56. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Geear v. Boulder Community Hospital,* 844 F.2d 764 (10th Cir.1988) ("We have previously held that a court must hold a hearing on a summary judgment motion.... A formal evidentiary hearing with oral argument, however, is not necessarily required.... Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court"). It is, therefore,

ORDERED that on or before May 4, 1998 the Applicant shall file with the Court such affidavits and other evidence meeting the requirements of Fed.R.Civ.P. 56(e) as the Applicant desires to submit in support of the pending fee application, together with a memorandum stating the Applicant's arguments in support of the requested fee. The matter will then stand submitted.

FURTHER ORDERED that if the additional pleadings and evidence are not timely filed, this Order shall be the Order on Fee Application and the Applicant shall be awarded $1,831.59 of the $2,461.74 fees and costs requested, $331.59 of which shall be paid through the plan. The amount awarded is the amount that appears reasonable based on the information presently available to the Court. This award does not preclude the Applicant from seeking

additional fees for future work provided relating to the successful reorganization of the debtor.

Dated: April 17, 1998

BY THE COURT:

/s/ Patricia Ann Clark
Patricia Ann Clark
Judge

United States Bankruptcy Court
For the District of Colorado
Judge Roland J. Brumbaugh

In re Gary William Worth, Norma Lynn Worth, Debtors.

Case No. 97–18190 RJB

Chapter 13

Apr. 24, 1998

## ORDER FOR HEARING ON FEE APPLICATION

George T. Carlson & Associates (the Applicant) has filed an application with the Court seeking an allowance of fees pursuant to 11 U.S.C. § 330. The information available in the application is not sufficient to enable the Court to determine the reasonableness of the fees requested. The Court has reviewed the application and the file in this case and notes the following deficiencies:

[ ] Time billed appears to be excessive for the ordinary Chapter 13 case.

[X] Insufficient support for attorney and/or paralegal hourly rates charged or insufficient evidence of rates for comparable services outside of bankruptcy.

[X] Attorney has failed to properly delegate tasks or has billed at his/her full hourly rate for tasks which should have been delegated to a professional who bills at a lower hourly rate.

[X] Clerical and/or secretarial time has been billed at attorney or paralegal rates.

[X] Time entries are lumped making it difficult to discern how much time is spent on a particular task.

[X] Attorney has failed to exercise billing judgment, for example, by billing for time to correct the attorney's mistakes, unproductive time or duplicative services.

[ ] Time entry descriptions are inadequate.

Accordingly, it is necessary that there be a hearing on the fee application.

Pertinent authorities indicate that the requirement for a hearing does not necessarily mean an evidentiary hearing in open court. It may be satisfied by providing the Applicant with an adequate opportunity to submit affidavits and argument in support of the fees requested. *Bee v. Greaves,* 910 F.2d 686 (10th Cir.1990). Such a procedural approach has been found sufficient to meet the "hearing" requirements of Fed.R.Civ.P. 56. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Geear v. Boulder Community Hospital,* 844 F.2d 764 (10th Cir.1988) ("We have previously held that a court must hold a hearing on a summary judgment motion.... A formal evidentiary hearing with oral argument, however, is not necessarily required.... Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court."). It is, therefore,

ORDERED that within twenty (20) days from the date of entry of this Order, the Applicant shall file with the Court such affidavits and other evidence meeting the requirements of Fed.R.Civ.P. 56(e) as the Applicant desires to submit in support of the pending fee application, together with a memorandum stating the Applicant's arguments in support of the requested fee. The matter will then stand submitted.

FURTHER ORDERED that if the additional pleadings and evidence are not timely filed, this Order shall be the Order

on Fee Application and the Applicant shall be awarded $1,459.00 of the fees and $199.93 of the costs requested, $1,258.93 of which shall be paid through the plan. The amount awarded is the amount that appears reasonable based on the information presently available to the Court. This award does not preclude the Applicant from seeking additional fees for future work provided relating to the successful reorganization of the debtor(s).

Dated this 24th day of April, 1998.

BY THE COURT

/s/ Roland J. Brumbaugh
Roland J. Brumbaugh
United States Bankruptcy Judge