**In re Carrie BUENO, Debtor.**

**Carrie Bueno, Appellant,**

v.

**U.S. Bankruptcy Court, Appellee.**

**No. CIV.A.00–K–65.**

United States District Court,
D. Colorado.

May 16, 2000.

---

Andy Cameron, Denver, CO, for Appellant.

Sally Zeman, Denver, CO, Chapter 13 Trustee.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This is an appeal from a decision of the U.S. Bankruptcy Court in the name of the debtor, but in the interest of debtor's attorney who applied for attorney fees in the amount of $1,500.00 which was reduced by the Bankruptcy Judge to $1,200.00 and costs of $128.51. $500.00 had previously been paid leaving a balance of $828.51 to be paid out of plan payments.

■ This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158 and it is not contested. The standard of review of an award of attorney fees is abuse of discretion or error in law.

■ An abuse of discretion is one that is grossly unsound, unreasonable, or illegal. Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law. It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right. An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings. *United States v. Wright et al.*, 826 F.2d 938, 942 (10th Cir.1987).

■ Reversal is mandated only where there is both an abuse of discretion and actual prejudice. An abuse of discretion occurs where the trial judge fails to articulate a reason for his decision and no such reason is readily apparent from the record or articulates a reason which has no basis in fact or the reason so articulated is contrary to law. The reason given, however,

need not be one that is agreeable to the reviewing court.

In the instant case, complaint is first made that the Bankruptcy Judge reduced the requested fees in the absence of any objection. This ground is faint, however, because no objection is required for a judge to act in reviewing requested fees. It is not a matter subject to waiver by a party, rather the awarding of reasonable fees is the obligation of the judge and requires him to act even if *sua sponte*.

The second issue, though not framed in the appellant's brief, is that the Bankruptcy Judge acted contrary to this court's holding in *In re Ingersoll*, 238 B.R. 202 (D.Colo.1999). Ingersoll holds that fees may not be disallowed or awarded on the basis of form orders based upon "boilerplate objections not sufficiently specific to give the applicant notice of what showing may be thought to be adequate." *Id.* at 204. It clearly does not hold that a Bankruptcy Judge is forbidden to formulate presumptively normal billing rates or normal expectations of the time necessary to complete discrete tasks.

In the case at bar, the Bankruptcy Judge conducted a hearing and made a line item review of each entry in the fee application. He disallowed or reduced some claimed hours as excessive or unnecessary and gave specific reasons based upon the record before him for each discrete ruling. There is no basis for finding an abuse of discretion under these circumstances nor are any such rulings contrary to law. The requirements of Ingersoll were satisfied, not contravened.

The judgment of the Bankruptcy Court is affirmed. The appeal is denied.