**In re WESTERN PACIFIC AIRLINES, INC., Debtor.**

**Jeffrey A. Weinman, as Chapter 7 bankruptcy trustee for Western Pacific Airlines, Inc., a Delaware corporation, Plaintiff/Appellee,**

v.

**Shaker Express, Inc., Defendant/Appellant.**

**Civ.A. No. 01–K–0217.**

United States District Court, D. Colorado.

June 7, 2001.

Peter A. Cal, Donald C. McLaughlin, Jr., Sherman & Howard, Denver, CO, for plaintiff.

Charles Walter Lilley, Lilley & Garcia, LLP, Denver, CO, Richard Gordon Bain, Richard G. Bain, Attorney at Law, El Cajon, CA, for defendant.

## DECISION ON APPEAL

KANE, District Judge.

This appeal from the U.S. Bankruptcy Court is subject to this court's jurisdiction pursuant to 28 U.S.C. § 158 and is not contested. A review of the entire record and examination of the briefs filed by the parties results in my determination that oral argument would not aid me in reaching a decision.

A ruling of the bankruptcy judge imposing sanctions against the Defendant/Appellant presents the single issue on appeal of whether the bankruptcy judge abused his discretion. The appeal is frivolous, but necessitates a review of the entire record to consider the ruling under the totality of the circumstances in accordance with *In re Rossmiller*, 140 B.R. 1000 (D.Colo.1992).

The facts recited by the Defendant/Appellant in its opening brief are misleading and incomplete. Though ordered to file a reply brief by May 21, 2001, the Defendant/Appellant failed to comply. This failure is entirely consistent with Defendant/Appellant's insouciant disregard of rules and orders throughout the litigation.

An abuse of discretion, as I stated in *In re Bueno*, 248 B.R. 581, 582 (D.Colo.2000), is an exercise of judgment "that is grossly unsound, unreasonable, or illegal. Discretion invested in judges re-

sults in a decision based upon what is fair in the circumstances and guided by the rules and principles of law. It is the court's power to act, rightfully exercised, when a litigant is not entitled to demand the act as a matter of right." The abuse of discretion is not a catch-all standard authorizing judicial review whenever a litigant or a judge on appeal disagrees with a determination or ruling by the trial judge. To constitute an abuse of discretion, a ruling must be arbitrary, meaning that it is based on individual preference or convenience rather than the intrinsic nature of the issue or capricious, meaning there is no cognitive relationship between fact and conclusion or whimsical, meaning that it is impulsively obtained and incapable of being predicted. An abuse of discretion can also occur when the trial judge fails to articulate a reason for his decision and one is left to guess because it is not apparent from the record.

In the instant case there were more than ample reasons for the judge's rulings granting the Plaintiff/Appellee's motion in limine, rejecting Defendant/Appellant's offer of proof and directing entry of judgment based on the parties' stipulations of fact. The Defendant/Appellant had failed to comply with discovery orders, offered inadmissible hearsay testimony on matters which it had failed to disclose in discovery and admitted to the facts constituting Plaintiff/Appellee's *prima facie* case.

The clear justification for the trial judge's rulings eliminate even a suggestion of abuse of discretion. The Defendant/Appellant refused or failed entirely to comply with the court's scheduling order by not filing a witness and exhibit disclosure list or even responding to Plaintiff/Appellee's motion in limine to require same. The Defendant/Appellant failed to produce in the discovery stage documents relevant to the evidence it sought to introduce at trial and offered testimony in its offer of proof that was indisputably hearsay.

In its brief the Defendant/Appellant states that it should not suffer because of its lawyer's failings. This assertion is sometimes true when it involves matters of inadvertence, but there is no reason why an opposing party should bear the burden of expense and delay rather than the client for a number of omissions. If, indeed, Defendant/Appellant has suffered a loss through the repeated failures of its counsel to comply, even minimally, with the trial court's established and unchallenged procedures, the remedy is to be obtained from someone other than a party to this action.

The decision of the bankruptcy court is **AFFIRMED.** The appeal is **DENIED.** Plaintiff/Appellee shall have judgment for its costs and attorney fees expended on this frivolous appeal.