**In re Michael/Rebecca WILLIAMS, Debtor(s).**

**No. 07–32277.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 12, 2007.

Aaron Glasgow, Columbus, OH, for Michael Williams, Rebecca Williams.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Application of Debtors' attorney, Athena Inembolidis, for Compensation. In said application, the Applicant seeks $2,700.00 in total compensation from the Debtors for her legal services pursuant to a flat fee contract. Of this amount, the Applicant disclosed that $1,500.00 in compensation had been paid by the Debtors prior to the filing of this Chapter 13 case, with the application requesting that the remaining compensation, $1,200.00, be paid by the Debtors through installments in their

Chapter 13 plan of reorganization. (Doc. No. 33).

On September 27, 2007, a hearing was held by the Court on the Applicant's request for fees. (Doc. No. 34). At the Hearing, the Court deferred ruling on the Applicant's request for fees pending the submission of supporting documentation wherein the Applicant was required to itemize her fees in tenths of an hour. (Doc. No. 46). The Applicant has since submitted this documentation, which set forth aggregate billable charges of $5,387.50 consisting of 18.8 hours of work, billed at the rate of $250.00 per hour, and 5.5 hours of work, for travel time, billed at a rate of $125.00 per hour. In lieu of this total charge, however, the applicant set forth at the bottom of her fee statement that she only seeks approval of $2,700.00 in fees pursuant to her original arrangement with the Debtors. (Doc. No. 49).

## DISCUSSION

■ Any attorney representing a debtor in a bankruptcy case is required to file a statement of compensation paid or agreed to be paid. 11 U.S.C. § 329(a); Fed.R. Bankr.P. 2017. A court, either on a motion of a party in interest or on its own initiative, may then review the fee statement, and if it is determined that the attorney's compensation exceeds the reasonable value of such services, the court is then directed to reduce or deny such compensation and order any excess returned. 11 U.S.C. § 329(b). The requirements of this provision apply regardless of the source of the compensation, whether from the estate, the debtor, a third party or some combination thereof. *In re Metropolitan Envtl., Inc.*, 293 B.R. 871, 888 (Bankr.N.D.Ohio 2003).

■ In addition, an attorney, such as the Applicant here, who seeks to be paid her legal fees through a debtor's Chapter 13 plan of reorganization is subject to § 330(a)(4)(B). This section provides generally that, in a Chapter 12 or 13 case, a court may award fees and expenses to an attorney "for representing interests of the debtor in connection with the bankruptcy case." Fees awarded under this are then paid from the estate as an administrative expense. 11 U.S.C. 503(b)(2).

■ Similar with § 329(b), § 330(a)(4)(B) limits an award of legal fees to a reasonable amount. *In re Ingersoll*, 238 B.R. 202, 203 (D.Colo.1999). And based upon this symmetry, those factors relevant when making a determination as to the reasonableness of an attorney's fees under § 330(a)(4)(B) are also applied when ascertaining the reasonable value of such services under § 329(b), which lacks any express statutory guidance. *In re Jastrem*, 253 F.3d 438, 443 (9th Cir.2001); *In re Rheuban*, 121 B.R. 368, 383 (Bankr. C.D.Cal.1990).

■ When determining under § 330(a)(4)(B) what constitutes a reasonable amount of compensation, a court is directed by statute to consider the benefit and necessity of such services, together with those additional factors set forth in § 330. These additional factors, contained in § 330(a)(3), are:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certi-

fied or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

With the exception of subparagraphs (C) and (E), all these factors raise a concern with respect to those fees sought by the Applicant.

 First, the documentation submitted by the Applicant regarding her billable hours runs afoul with subparagraphs (A) and (B). When a professional seeks compensation from the estate for their services, they are expected to provide accurate records of the amount of time spent and the manner in which it was spent. *In re Wiedau's, Inc.*, 78 B.R. 904, 907–08 (Bankr.S.D.Ill.1987). Thus, "any professional fees sought to be paid from a debtor's estate should be based upon meticulous contemporaneous time records which should reveal sufficient data to enable the Court to make an informed judgment about the specific tasks and hours allotted." *In re Zenith Lab., Inc.*, 119 B.R. 51, 53–54 (Bankr.D.N.J.1990)(internal citations and quotations omitted).

In contrast to this standard, however, the documentation submitted by the Applicant is bald in its description. Most of the Applicant's descriptions are just two to four words, setting forth nothing of detail. For example, numerous entries state only "call to client," "client call" or "e-mail from client." Similarly problematic: most of the entries listed by the Applicant are for the same length of time: a tenth of an hour.

Together, these characteristics of the Applicant's billable hours make it highly unlikely that it is a contemporaneous record. Worse, given its characteristics, the Applicant's documentation of her billable hours looks like a patchwork of guesses, and not very good ones at that—thus potentially raising an issue under Bankruptcy Rule 9011. At the very least, however, the Applicant's billing documentation is insufficient so as to allow the Court to make an informed judgment as to those services she performed for the Debtors. As such, it must be discounted insofar as it concerns the time and hourly rate she charged for her services.

Notwithstanding, this Court has permitted fees above those customarily charged in this area when those factors set forth in subparagraphs (D) and (F) warrant such an adjustment. However, based upon the record before the Court, nothing indicates that this bankruptcy case presented anything out of the ordinary from other Chapter 13 cases. The Debtors' obligations are primarily consumer debts; the Debtors' unsecured debt burden, at just over $60,000.00, is not extraordinary large; the avoidance of judicial liens is not at issue; and the Debtors have sufficient financial resources at their disposable to make a Chapter 13 plan highly feasible. The Court is also unaware of any unique legal issues raised in this case; nor is the Court aware of any other situation which would warrant a deviation from those fees customarily charged by other attorneys in this area.

 It is the applicant's burden to demonstrate that his or her fees are reasonable. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). And for the reasons just discussed, the Court cannot find, with respect to the $2,700.00 in fees sought by the Applicant, that this burden has been met. Still, the Applicant, in conformance with § 330(a)(4)(B), has obviously represented the interests of the Debtors in connection

with this case. As such, the Applicant will not be denied compensation for her legal services.

 The Sixth Circuit has held that when determining an attorney's fees in a Chapter 13 case, the lodestar method is to be applied; but that a court can still "legitimately take into account the typical compensation that is adequate for attorney's fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate." *Boddy v. United States Bankruptcy Court, Western District of Kentucky,* 950 F.2d 334 (6th Cir. 1991). Under this standard, the Court, with due deference given to those fees customarily allowed in this Court in an average Chapter 13 case, finds that the Applicant should be entitled to receive compensation for eight hours of work at the rate of $175.00 per hour, for a total of $1,400.00. For this finding, the Court notes that, for purposes of § 330(a)(3), the Applicant's representation of the Debtors has been on par with that other attorneys who practice before this Court.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

*ORDERED* that, pursuant to 11 U.S.C. § 329 and § 330, the Applicant, Athena Inembolidis, shall be entitled to compensation in the total amount of $1,400.00 for the legal services she performed for the Debtors.

*IT IS FURTHER ORDERED* that the Applicant shall disgorge to the Debtors the amount of $100.00. Evidence of this Disgorgement shall be filed with the Clerk within 14 days of the entry of this Order.

*IT IS FURTHER ORDERED* that the Applicant shall not be entitled, as set forth in paragraph 4(a)(2) of the Debtors' amended Chapter 13 plan of reorganization, to $1,200.00 in attorney fees. This Court's Order, confirming the Debtors' Chapter 13 plan of reorganization, (Doc. No. 45), is hereby modified to reflect this change.